IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GUADALUPE VALENZUELA,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 1:12-CV-383-DVB<br><br>Judge Dee Benson |

This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. (Doc. 1.) At the court's request, the government filed a response in opposition to the petitioner's motion. (Doc. 3.) Having reviewed the relevant materials, the court now issues the following Memorandum Decision and Order.

BACKGROUND

On July 20, 2010, Guadalupe Valenzuela ("petitioner") was indicted by a federal grand jury in the district of Idaho for one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(A), and 846. (Criminal Case # 1:10-CR-182-BLW-2.) (Criminal Docket (hereinafter "Criminal Doc.") 1.) On September 14, 2010, a superseding indictment was returned by the grand jury, adding additional defendants to the conspiracy. (Criminal Doc. 117.)

Plea Agreement

On November 23, 2010, pursuant to a plea agreement, petitioner pled guilty to count one

of the First Superseding Indictment. (Criminal Doc. 277.)  As part of the plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the United States agreed to recommend a sentence at the low end of the guidelines, and to not supersede the indictment to include charges of Unlawful Possession of a Firearm, in violation of 18 U.S.C. §922(g)(5), or Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c). (Plea Agreement, at 1.)  In return, petitioner agreed to waive his right to appeal or collaterally attack his sentence except for reasons of ineffective assistance of counsel. (Plea Agreement, at 11-12.)  Additionally, petitioner agreed that he would not seek a downward departure or variance under 18 U.S.C. § 3553(a), and that he should receive a four-level enhancement under USSG § 3B1.1(a) for being an organizer or leader of a criminal activity that involved five or more participants and was otherwise extensive. (Plea Agreement, at 9.)  On January 10, 2011, petitioner entered a knowing and voluntary plea before a magistrate judge. (Criminal Doc. 277.)  Petitioner represented to the court that he voluntarily, thoughtfully, and knowingly entered into the plea agreement. (Plea Agreement, at 15.)

Sentencing

On April 19, 2011, petitioner was sentenced to 168 months imprisonment, which was the low end of the sentencing guidelines, five years of supervised release, a $500 fine and a $100 special assessment fee. (Criminal Doc. 433.)

Petitioner's Motion

On April 11, 2012, petitioner filed a 28 U.S.C. § 2255 motion claiming he is entitled to relief because (1) the district court erred by failing to downwardly depart from the sentencing guidelines range based on his acceptance of responsibility and his cooperation with the government and (2) his counsel was ineffective because counsel did not advise him that he could

challenge the enhancement for being an organizer or a leader. (Doc. 1 at 5-6.)

## DISCUSSION

I. District Court's Failure to Downwardly Depart From Sentencing Guidelines and Petitioner's Waiver of Post-Conviction Rights

Petitioner's first claim fails for several reasons.  First, it is completely contradicted by the record.  The district court not only granted the government's motion under § 5K1.1 and 18 U.S.C. § 3553(e) for a five-level reduction based on his cooperation, but also reduced the offense level by three levels in accordance with § 3E1.1(b) for acceptance of responsibility.  The district court then sentenced him to the low end of the guidelines range.  Petitioner's claim that the district court erred in failing to adjust his sentence, based on acceptance of responsibility and his cooperation with law enforcement, is completely without merit.

Second, pursuant to the plea agreement, and in exchange for concessions made by the government, petitioner agreed to waive his right to seek relief under § 2255 in all but very limited circumstances. (Plea Agreement at 11-12.)  The agreement stated, "the defendant waives any right to appeal or to collaterally attack the conviction, entry of judgment, and sentence." *Id.* at 11.  Pursuant to the plea agreement, petitioner retained the right to file a motion under § 2255, only if he believed that he had received ineffective assistance of counsel based solely on information not known to him at the time the district court imposed the sentence and which, in the exercise of reasonable diligence, could not have been known by him at that time. *Id*. at 12.

The right to collaterally attack a conviction or sentence is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. *See United States v. Abarca*, 985 F.2d 1012, 1013-14 (9th Cir. 1993).  Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v.*

*Jeronimo,* 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007)(en banc).  To be enforceable as a bar to a collateral attack, the plea agreement must expressly waive the right to attack the sentence and conviction in a § 2255 motion. *United States v. Nunez*, 223 F.3d 956, 958-59 (9th Cir. 2000); *Abarca*, 985 F.2d at 1013-14; *United States v. Pruitt*, 32 F.3d 431, 432-33 (9th Cir. 1994).  No "error" occurs when a right is waived and a criminal defendant in fact knowingly and voluntarily waives it. *United States v. Olano*, 507 U.S. 725 (1993).  A defendant's waiver of his right to seek post-conviction relief is enforceable, if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made. *United States v. Speelman*, 431 F.3d 1226, 1299 (9th Cir. 2005), *citing Jeronimo*, 398 F.3d at 1153.

The language of the plea agreement provides for a clear, express waiver of petitioner's collateral appeal rights and references the exact statutory provision under which this action is brought - § 2255. In light of this waiver, signed by petitioner, the court finds petitioner only retained the right to file a habeas petition for ineffective assistance of counsel.  All other grounds for relief were waived by petitioner, pursuant to his plea agreement.  As such, the record shows that petitioner knowingly and voluntarily waived the right to attack his conviction on any other grounds, including the grounds set forth in his first claim.

  II. <u>Ineffective Assistance of Counsel</u>

Petitioner alleges that he had ineffective assistance of counsel because "[h]e was not advised that he could challenge counsel agreeing to a four level enhancement." (Doc. 1 at 6.)  To demonstrate ineffectiveness of counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "This requires showing that

counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Unless the petitioner makes both showings, it cannot be said that conviction "resulted from a breakdown in the adversary process that renders the result unreliable." *Id*.

Under *Strickland*, the proper standard for attorney performance is that of a reasonably effective assistance. "The Court indirectly recognized as much when it stated in *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970), that a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Id.* When evaluating an attorney's competence "a court must indulge a strong presumption that counsel's conduct falls withing the wide range of reasonable professional assistance," and it is the petitioner's burden to overcome this strong presumption. *Id.* at 689.

The second part of the test requires the petitioner to show that counsel's unprofessional errors actually prejudiced the defense. The petitioner has the burden of establishing prejudice, and it is not enough for the petitioner to merely show that the alleged errors had some conceivable effect on the outcome of the proceeding. Instead "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In evaluating an ineffective assistance of counsel claim, the court may consider the performance and prejudice components of the *Strickland* test in either order. *Id*. at 689. Furthermore, the court need not consider one component if there is an insufficient showing of the other. *Id.*

Petitioner's claim that his attorney was ineffective for not advising him that he could challenge the four level enhancement for being an organizer or leader is unsupported and without

merit.  The plea agreement specifically states "[t]he parties agree that the defendant should receive a four-level enhancement under USSG § 3B1.1(a) for being an organizer or leader of a criminal activity that involved five or more participants and was otherwise extensive." (Plea Agreement, at 9.)  Petitioner was provided an interpreter and, during his change of plea, he acknowledged that he was agreeing to the fact that he was an organizer or leader in the drug conspiracy.  Petitioner then signed the plea agreement which concludes with the following statement: "I am satisfied with my attorney's advice and representation in this case." *Id.* at 16.

Even if petitioner's assertion is true, and counsel did not affirmatively advise petitioner that he could challenge the enhancement, the claim falls short of  "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." See *Strickland v. Washington, supra,* at 687.  Petitioner was certainly aware of the language in the plea agreement, which contained his admission to being a leader or organizer.  If petitioner was concerned about admitting to being a leader or organizer, he could have discussed the issue with his attorney before signing the plea agreement.  Instead, he waited until after he was convicted to attack his attorney's performance, without providing any support for his claim.  Pursuant to the plea agreement, in exchange for the petitioner's admission of being an organizer or leader, the government granted substantial concessions on petitioner's behalf which resulted in a reduced sentence. Petitioner has failed to show that counsel's performance fell below an objective standard of reasonableness.

Furthermore, the claim by petitioner that he was prejudiced by his counsel's inadequate representation is without merit.  Petitioner's counsel negotiated a plea agreement in which the government agreed to recommend a sentence at the low end of the guidelines, to not supersede the indictment to include charges of unlawful possession of a firearm or possession of a firearm

in furtherance of a drug trafficking crime, and to reduce the guideline's total offense level by a total of eight levels. Any prejudice that arose from the four level enhancement for being an organizer or leader of a criminal activity was significantly outweighed by the benefits of the plea agreement. Thus, petitioner has failed to demonstrate actual prejudice from counsel's performance.

In light of the forgoing, petitioner's claim for ineffective assistance of counsel fails.

## CONCLUSION

For the reasons set forth above, petitioner's § 2255 Motion is DENIED. The clerk of the court is directed to close Case No. 1:12-CV-383-DVB forthwith.

DATED this 6th day of February, 2013.

BY THE COURT:

_____
DEE BENSON
United States District Judge